1   Robert D. Phillips, Jr. (SBN 82639)
    rphillips@reedsmith.com
2   Tyree P. Jones, Jr. (SBN 127631)
    tpjones@reedsmith.com
3   David S. Reidy (SBN 225904)
    dreidy@reedsmith.com
4   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
5   San Francisco, CA  94111-3922

6   **Mailing Address:**
    P.O. Box 7936
7   San Francisco, CA  94120-7936

8   Telephone:    (415) 543-8700
    Facsimile:    (415) 391-8269
9
    Attorneys for Defendant
10  WELLS FARGO BANK, N.A.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  RUBY KATHRYN BROWN, on behalf of        Case No.: CV 08-00492 MMC
    herself and all others similarly situated,
15                                          **ANSWER OF DEFENDANT WELLS
                   Plaintiff,               FARGO BANK, N.A., TO PLAINTIFF'S
16                                          COMPLAINT**
         vs.
17                                          Complaint filed:    January 23, 2008
    WELLS FARGO BANK, N.A.,
18                                          **HON. MAXINE M. CHESNEY**
                   Defendant.
19

20

21                        **ANSWER**

22      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby answers the allegations of the

23  Complaint filed in this action by plaintiff Ruby Kathryn Brown ("Plaintiff").  Unless expressly

24  admitted herein, Wells Fargo lacks sufficient information to admit or deny the allegations of the

25  Complaint and, on that basis, denies the allegations.

26      Answering the Introductory Paragraph, Wells Fargo admits that Plaintiff purports to assert

27  claims against Wells Fargo on behalf of herself and a putative class of similarly situated African

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSSFO-12505673.1-LWBOWMAN

1   American homeowners under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*

2   ("ECOA") and the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA").  Except as expressly

3   admitted herein, Wells Fargo lacks sufficient information to admit or deny the allegations contained

4   in the Introductory Paragraph and, on that basis, denies the allegations.

INTRODUCTION

5

6        1.     Answering Paragraph 1 of the Complaint, Wells Fargo lacks sufficient information to

7   admit or deny the allegations contained therein and, on that basis, denies the allegations.

8        2.     Answering Paragraph 2 of the Complaint, Wells Fargo denies the allegations

9   contained therein.

10        3.     Answering Paragraph 3 of the Complaint, Wells Fargo lacks sufficient information to

11   admit or deny the allegations contained therein and, on that basis, denies the allegations.

THE PARTIES

12

13        4.     Answering Paragraph 4 of the Complaint, Wells Fargo lacks sufficient information to

14   admit or deny the allegations contained therein and, on that basis, denies the allegations.

15        5.     Answering Paragraph 5 of the Complaint, Wells Fargo admits that it is a mortgage

16   lender though its division Wells Fargo Home Mortgage, and also admits that it maintains a corporate

17   office in San Francisco, California.  Except as expressly admitted herein, Wells Fargo denies the

18   allegations contained in Paragraph 5.

JURISDICTION AND VENUE

19

20        6.     Answering Paragraph 6 of the Complaint, Wells Fargo admits that this Court has

21   original jurisdiction over civil actions arising under federal law.  Answering the allegation that venue

22   is proper in this Court, Wells Fargo neither admits nor denies the allegation because venue is a

23   question of law and, furthermore, a motion to determine whether venue should be transferred is

24   currently pending before the Judicial Panel on Multidistrict Litigation.  Except as expressly admitted

25   herein, Wells Fargo denies the allegations of Paragraph 6.

FACTUAL ALLEGATIONS

26

27        7.     Answering Paragraph 7 of the Complaint, Wells Fargo lacks sufficient information to

28   admit or deny the allegations contained therein and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12505673.1-LWBOWMAN

8. Answering Paragraph 8 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

9. Answering Paragraph 9 of the Complaint, Wells Fargo denies that mortgage brokers acts as its agents. Answering the remaining allegations of Paragraph 9, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

10. Answering Paragraph 10 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

11. Answering Paragraph 11 of the Complaint, Wells Fargo denies that any of its pricing policies result in a disparate impact on African American borrowers. Answering the remaining allegations of Paragraph 11, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

12. Answering Paragraph 12 of the Complaint, Wells Fargo admits the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

14. Answering Paragraph 14 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

15. Answering Paragraph 15 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

16. Answering Paragraph 16 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

17. Answering Paragraph 17 of the Complaint, Wells Fargo denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Wells Fargo denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

DOCSSFO-12505673.1-LWBOWMAN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    20.    Answering Paragraph 20 of the Complaint, Wells Fargo denies the allegations

2    contained therein.

3    21.    Answering Paragraph 21 of the Complaint, Wells Fargo denies the allegations

4    contained therein.

5    22.    Answering Paragraph 22 of the Complaint, Wells Fargo denies the allegations

6    contained therein.

7    23.    Answering Paragraph 23 of the Complaint, Wells Fargo admits that it is required to

8    report certain mortgage lending data pursuant to the Home Mortgage Disclosure Act ("HMDA").

9    Except as expressly admitted herein, Wells Fargo lacks sufficient information to admit or deny the

10   allegations contained in Paragraph 23 and, on that basis, denies the allegations.

11   24.    Answering Paragraph 24 of the Complaint, Wells Fargo lacks sufficient information

12   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

13   25.    Answering Paragraph 25 of the Complaint, Wells Fargo lacks sufficient information

14   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

15   26.    Answering Paragraph 26 of the Complaint, Wells Fargo lacks sufficient information

16   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

17   27.    Answering Paragraph 27 of the Complaint, Wells Fargo lacks sufficient information

18   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

19   28.    Answering Paragraph 28 of the Complaint, Wells Fargo lacks sufficient information

20   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

21   29.    Answering Paragraph 29 of the Complaint, Wells Fargo lacks sufficient information

22   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

23   30.    Answering Paragraph 30 of the Complaint, Wells Fargo denies the allegations

24   contained therein.

25   31.    Answering Paragraph 31 of the Complaint, Wells Fargo lacks sufficient information

26   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

27   32.    Answering Paragraph 32 of the Complaint, Wells Fargo lacks sufficient information

28   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

DOCSSFO-12505673.1-LWBOWMAN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   33.    Answering Paragraph 33 of the Complaint, Wells Fargo denies that any of its loans to

2   African American borrowers contain insufficiently disclosed fees, excessive prepayment penalties,

3   or higher interest rates and charges than charged to other borrowers.  Answering the remaining

4   allegations of Paragraph 33, Wells Fargo lacks sufficient information to admit or deny the

5   allegations contained therein and, on that basis, denies the allegations.

6   34.    Answering Paragraph 34 of the Complaint, Wells Fargo lacks sufficient information

7   to admit or deny the allegations contained therein and, on that basis, denies the allegations.

8   35.    Answering Paragraph 35 of the Complaint, Wells Fargo denies that it discriminated

9   against African American homeowners, or that it engaged in any discriminatory practices.

10  Answering the remaining allegations of Paragraph 35, Wells Fargo lacks sufficient information to

11  admit or deny the allegations contained therein and, on that basis, denies the allegations.

12  36.    Answering Paragraph 36 of the Complaint, Wells Fargo lacks sufficient information

13  to admit or deny the allegations contained therein and, on that basis, denies the allegations.

14  37.    Answering Paragraph 37 of the Complaint, Wells Fargo lacks sufficient information

15  to admit or deny the allegations contained therein and, on that basis, denies the allegations.

16  38.    Answering Paragraph 38 of the Complaint, Wells Fargo denies the allegations

17  contained therein.

18  <u>CLASS ACTION ALLEGATIONS</u>

19  39.    Answering Paragraph 39 of the Complaint, Wells Fargo admits that Plaintiff purports

20  to sue on her own behalf and on behalf of a class of persons purportedly defined in the Complaint.

21  Except as expressly admitted herein, Wells Fargo denies the allegations contained in Paragraph 39 of

22  the Complaint.

23  40.    Answering Paragraph 40 of the Complaint, Wells Fargo lacks sufficient information

24  to admit or deny the allegations contained therein and, on that basis, denies the allegations.

25  41.    Answering Paragraph 41 of the Complaint, Wells Fargo lacks sufficient information

26  to admit or deny the allegations contained therein and, on that basis, denies the allegations.

27  42.    Answering Paragraph 42 of the Complaint, Wells Fargo admits that Plaintiff purports

28  to define "Discretionary Pricing Policy" but denies that it participated in any such policy.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   43.   Answering Paragraph 43 of the Complaint, Wells Fargo denies the allegations

2   contained therein.

3   44.   Answering Paragraph 44 of the Complaint, Wells Fargo denies the allegations

4   contained therein.

5   45.   Answering Paragraph 45 of the Complaint, Wells Fargo denies the allegations

6   contained therein.

7   46.   Answering Paragraph 46 of the Complaint, Wells Fargo denies the allegations

8   contained therein.

9   47.   Answering Paragraph 47 of the Complaint, Wells Fargo denies the allegations

10  contained therein.

11  48.   Answering Paragraph 48 of the Complaint, Wells Fargo denies the allegations

12  contained therein.

13  49.   Answering Paragraph 49 of the Complaint, Wells Fargo denies the allegations

14  contained therein.

15                    TOLLING OF THE STATUTE OF LIMITATIONS

16  50.   Answering Paragraph 50 of the Complaint, Wells Fargo denies the allegations

17  contained therein.

18  51.   Answering Paragraph 51 of the Complaint, Wells Fargo denies the allegations

19  contained therein.

20  52.   Answering Paragraph 52 of the Complaint, Wells Fargo denies the allegations

21  contained therein.

22  53.   Answering Paragraph 53 of the Complaint, Wells Fargo denies the allegations

23  contained therein.

24  54.   Answering Paragraph 54 of the Complaint, Wells Fargo denies the allegations

25  contained therein.

26  55.   Answering Paragraph 55 of the Complaint, Wells Fargo denies the allegations

27  contained therein.

28  ///

ANSWER

FIRST CLAIM FOR RELIEF

56.     Answering Paragraph 56 of the Complaint, Wells Fargo repeats and realleges each of the answers in Paragraphs 1-55, above, as though the same were set forth in full herein.

57.     Answering Paragraph 57 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

58.     Answering Paragraph 58 of the Complaint, Wells Fargo denies the allegations contained therein.

59.     Answering Paragraph 59 of the Complaint, Wells Fargo denies the allegations contained therein.

60.     Answering Paragraph 60 of the Complaint, Wells Fargo denies the allegations contained therein.

61.     Answering Paragraph 61 of the Complaint, Wells Fargo denies the allegations contained therein.

62.     Answering Paragraph 62 of the Complaint, Wells Fargo denies the allegations contained therein.

SECOND CLAIM FOR RELIEF

63.     Answering Paragraph 63 of the Complaint, Wells Fargo repeats and realleges each of the answers in Paragraphs 1-62, above, as though the same were set forth in full herein.

64.     Answering Paragraph 64 of the Complaint, Wells Fargo lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

65.     Answering Paragraph 65 of the Complaint, Wells Fargo denies the allegations contained therein.

66.     Answering Paragraph 66 of the Complaint, Wells Fargo denies the allegations contained therein.

67.     Answering Paragraph 67 of the Complaint, Wells Fargo denies the allegations contained therein.

68.     Answering Paragraph 68 of the Complaint, Wells Fargo denies the allegations contained therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      Wells Fargo alleges as an affirmative defense that the Complaint, and each cause of action asserted therein, fails to allege sufficient facts to state any claim for which relief can be granted to Plaintiff because it fails to allege a discriminatory practice or disparate impact on Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.      Wells Fargo alleges as an affirmative defense that Plaintiff's claims are barred by any and all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

3.      Wells Fargo alleges as an affirmative defense that Plaintiff has waived any and all claims, rights and demands made in the Complaint because she accepted the terms of any and all loans obtained from Wells Fargo.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4.      Wells Fargo alleges as an affirmative defense that Plaintiff is barred by the doctrine of estoppel from asserting the claims, rights and demands made in the Complaint, because Wells Fargo reasonably and justifiably relied on its loan contracts, if any, with Plaintiff, and upon the terms and conditions stated therein, and funded the loans, if any, to Plaintiff's benefit.

**FIFTH AFFIRMATIVE DEFENSE**

**(Business Necessity/Justification)**

5.      Wells Fargo alleges as an affirmative defense that any alleged acts or omissions of Wells Fargo that gave rise to Plaintiff's alleged claims were and are justified by a legitimate business necessity and/or other legitimate non-discriminatory reason.

1

2

### SIXTH AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

3

4

5

6       Wells Fargo alleges as an affirmative defense that Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein, including by accepting any and all loan terms and conditions disclosed to Plaintiff by Wells Fargo.

6

7

### SEVENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Practice)

8

9

10

7.       Wells Fargo alleges as an affirmative defense that it has not engaged in any discriminatory practices as alleged in the Complaint and that discriminatory intent was not a factor in determining the terms or conditions of any loan made to Plaintiff.

11

12

### EIGHTH AFFIRMATIVE DEFENSE

### (No Disparate Impact)

13

14

8.       Wells Fargo alleges as an affirmative defense that its loan policies and procedures do not and did not have an improper disparate impact on any minority borrower, including Plaintiff.

15

16

### NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

17

18

19

9.       Wells Fargo alleges as an affirmative defense that Plaintiff's damages, if any, were proximately caused and/or contributed to by the acts, omissions, negligence and/or intentional misconduct of third parties, and were not caused by Wells Fargo.

20

21

### TENTH AFFIRMATIVE DEFENSE

### (No Damages)

22

23

10.       Wells Fargo alleges as an affirmative defense that Wells Fargo has committed no act or omission causing damage to Plaintiff.

24

25

### ELEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damage)

26

27

11.       Wells Fargo alleges as an affirmative defense that the damages claimed by Plaintiff in the Complaint are too speculative to support any cognizable claim for relief.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.     Wells Fargo alleges as an affirmative defense that Plaintiff failed, refused and/or neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery by her against Wells Fargo.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Sufficient Intent)

13.     Wells Fargo alleges as an affirmative defense that Wells Fargo had no sufficient intent for the commission of the matters alleged in the Complaint and did not act with intent to discriminate against Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

14.     Wells Fargo alleges as an affirmative defense that Plaintiff does not have standing to bring the causes of action alleged in their Complaint because she was not discriminated against and did not pay any fee or interest rate unrelated to creditworthiness or risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

15.     The Complaint and each claim therein are barred because Wells Fargo's acts and statements at all times were privileged.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages or Injunctive Relief)

16.     The Complaint fails to state facts sufficient to entitle Plaintiff to recover punitive or exemplary damages or injunctive relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

17.     Plaintiff is barred by the Parol Evidence Rule from asserting the claims contained against Wells Fargo in the Complaint.

DOCSSFO-12505673.1-LWBOWMAN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (Several Liability)

18.    The liability of Wells Fargo, if any, is limited to several liability with respect to all non-economic damages.

## NINETEENTH AFFIRMATIVE DEFENSE

## (Consistent With Law and Applicable Regulations)

19.    The Complaint and each claim set forth therein are barred because Wells Fargo's conduct was consistent with all applicable law and regulations.

## TWENTIETH AFFIRMATIVE DEFENSE

## (Good Faith)

20.    The Complaint and each claim set forth therein are barred because Wells Fargo's conduct was at all time undertaken in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (Statutory Compliance)

21.    Wells Fargo has complied and is complying with all applicable provisions of federal and state statutes regulating the issuance of mortgage loans.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (No Enjoinable Conduct)

22.    The Complaint, and each cause of action alleged therein, fails to show any entitlement to the remedy of injunctive relief because it fails to state facts sufficient to show continuing wrongful acts, the threat of irreparable harm, the inadequacy of a legal remedy, or any reasonable likelihood of repetition of any alleged conduct actually established to be wrongful.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (Class Action Improper – Lack of Typicality)

23.    Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") as Plaintiff's claims are not typical of the claims of the purported class members.

DOCSSFO-12505673.1-LWBOWMAN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Class Action Improper – No Predominance of Common Questions)

3    24.    Plaintiff's action is not proper for class action certification pursuant to FRCP 23 as

4    the questions of law and/or fact common to the purported class do not predominate over questions

5    affecting individual members of the purported class.

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

### (Class Action Improper – Not Adequate Representatives)

8    25.    Plaintiff's action is not proper for class action certification pursuant to FRCP 23

9    because Plaintiff is not an adequate class representative.

10

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

11

### (Class Action Inferior)

12    26.    Plaintiff's action is not proper for class action certification pursuant to FRCP 23

13    because class action treatment is inferior to individual resolution of claims arising under Wells

14    Fargo's various mortgage loans.

15

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16

### (Class Action Improper – Not a Member of the Class)

17    27.    Plaintiff's action is not proper for class action certification pursuant to FRCP 23

18    because Plaintiff is not a member of the class she seeks to represent and cannot adequately represent

19    its interests.

20

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

21

### (Class Action Improper – Variations in State Law)

22    28.    Plaintiff's action is not proper for class action certification pursuant to FRCP 23

23    because variations in state law make class treatment inappropriate.

24

### TWENTY-NINTH AFFIRMATIVE DEFENSE

25

### (Absence of Indispensable Parties)

26    29.    The Complaint and each claim therein are barred pursuant to FRCP 19 to the extent

27    that Plaintiff seeks adjudication of the claims of absent parties, relief based upon the claims of absent

28

DOCSSFO-12505673.1-LWBOWMAN

1  parties, and/or remedies or judgment in favor of absent parties over whom this Court has no

2  jurisdiction.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Ratification)

30.    The Complaint and each claim therein are barred because Wells Fargo did not ratify
any alleged misconduct on the part of independent brokers.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (No Duty Regarding Suitability)

31.    To the extent some or all of the Plaintiff's claims are based on the premise that Wells
Fargo had a duty or obligation to determine whether its loans were "suitable" for individual
borrowers, such claims fail to state a cause of action.  No such duty existed for some or all of the
loans.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

32.    Plaintiff's claims for punitive damages are unconstitutional both facially and as
applied to Wells Fargo pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the
Constitution of the United States, and applicable and analogous sections of state constitutions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Violation of Rights to Equal Protection)

33.    Any provisions of federal law limiting the amount of punitive damages which may be
awarded in specified types of cases, while permitting unlimited exemplary damages for other
tortious conduct, unlawfully discriminate against defendants who are subject to unlimited exemplary
damage awards, such as Wells Fargo, in favor of defendants not subject to unlimited exemplary
damage awards.  Such discrimination violates the Fifth and Fourteenth Amendments of the United
States Constitution, and applicable and analogous sections of state constitutions.

///

///

///

ANSWER

DOCSSFO-12505673.1-LWBOWMAN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

34.    Any application of federal law permitting an award of exemplary damages in this action is vague, imprecise and inconsistent and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable and analogous sections of state constitutions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights and Additional Defenses)

35.    Wells Fargo has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action. Wells Fargo therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserves any and all defenses applicable to any class member, in the event any court certifies any class in this or any related or consolidated action, and further reserves any and all defenses applicable to Plaintiff's qualifications or adequacy as the representative of any such class.

**WHEREFORE** Wells Fargo prays for judgment as follows:

1.    That Plaintiff take nothing by reason of her Complaint;

2.    That no class be certified in this action;

3.    For its costs of suit herein;

4.    For its attorneys' fees according to proof; and

5.    For such other and further relief as this Court may deem just and proper.

DATED: March 7, 2008

REED SMITH LLP

By    /s/
         Robert D. Phillips, Jr.
         David S. Reidy
         Attorneys for Defendant
         WELLS FARGO BANK, N.A.

DOCSSFO-12505673.1-LWBOWMAN